UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| VICTOR CASTILLO, *et al*, | § | |
| | § | |
| Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. C-10-291 |
| | § | |
| SALDIVAR HOME HEALTH, INC., *et al*, | § | |
| | § | |
| Defendants. | § | |

## **ORDER**

Pending before the Court is Defendant Jasso Insurance Agency, Ltd.'s Motion to Quash Plaintiffs' Notice of Intention to Take Oral Depositions of Pedro Jassso. (D.E. 33.)

Pursuant to Rule 45 of the Federal Rules of Civil Procedure, Defendant Jasso seeks to quash Plaintiffs' notice of intention to take the deposition of Pedro Jasso on June 28, 2011 at 1:00 p.m. at the law offices of Gray Scoggins located at 71 N. Wright in Alice, Texas. (Id. at 1.) Defendant objects to the location. (Id. at 2.) In addition, Defendant objects to the time of the deposition, stating that "Defendant is not available for deposition on that date and this has been communicated to Plaintiffs' counsel." (D.E. 33 at 1.) The parties have been unable to work out a schedule that is agreeable to both sides. (Id.)

Defendant argues that, under Rule 45, the deposition should be quashed in the interests of justice to protect the Defendant from undue burden, unnecessary expense, harassment and annoyance and to protect him from the invasion of his personal constitutional and property rights. (Id. at 2.)

Under Federal Rule of Civil Procedure 45, on timely motion, a court must quash or modify a subpoena if it (1) fails to allow a reasonable time for compliance; (2) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person

resides, is employed, or regularly transacts business in person; (3) requires disclosure of privileged or protected matter if no exception or waiver applies; or (4) subjects a person to undue burden. F.R.C.P. 45(c)(3)(A)(i)-(iv).

Whether a subpoena imposes an undue burden is a question of reasonableness determined by balancing the benefits and burdens of the deposition and whether the information is obtainable from an alternative source. Positive Black Talk v. Cash Money Records, 394 F.3d 357, 377 (5th Cir.2004). The party seeking to quash the deposition bears the burden of proving that the subpoena is unduly oppressive. Wiwa v. Royal Dutch Petroleum, 392 F.3d 812, 818 (5th Cir.2004).

Having considered the motion to quash, the Court is of the opinion it should be and hereby is DENIED. Defendant has not demonstrated that taking Mr. Jasso's deposition at the location and time requested would present an "undue burden" under the relevant factors. See id. As said, the deposition is to take place at the law offices of Gray Scoggins located at 71 N. Wright in Alice, Texas. Pedro Jasso Insurance Agency, L.L.C., which is the general partner of Jasso Insurance Agency, Ltd., is also located in Alice Texas. (D.E. 5 at 3.) With regard to Defendant's objection to the date, Defendant has not stated why it (or Mr. Jasso) is unavailable for a deposition on June 28, 2011 at 1 p.m., let alone demonstrated that the burden of appearing would be unduly oppressive.

In addition, pursuant to the General Order, no discovery motions should be filed with the Court without prior telephonic permission. (D.E. 11.)

SIGNED and ORDERED this 15th day of June, 2011.

_____
Janis Graham Jack
United States District Judge