UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| VICTOR CASTILLO, *et al*, | § | |
| | § | |
| Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. C-10-291 |
| | § | |
| SALDIVAR HOME HEALTH, INC., *et al*, | § | |
| | § | |
| Defendants. | § | |

**ORDER**

On September 21, 2011, the following parties in the above-styled case came before this Court and announced ready for trial: Plaintiffs, Victor Castillo, Dalia Castillo, individually and on behalf of the Estate of Roxanne Castillo, as well as for the benefit of Amber Denae Rodriguez, Joshua Tyler Rodriguez, Rien Jacob Rodriguez, and Jon Carlo Rodriguez, minors (collectively, "Plaintiffs"); Defendants, Saldivar Home Health, Inc. and Saldivar Primary Home Care, Inc. (collectively, "Saldivar"); Defendant Jasso Insurance Agency, Ltd. ("Jasso"); Defendants, Humana Insurance Company, Humana of Texas, Inc., Humana Health Plan, Inc., Humana Health Plan of Texas, Inc., Humana, Inc., Humana Comp/Benefits, Inc., Humana Specialty Benefits, and Humana Health Plan of Corpus Christi (collectively, "Humana Defendants"). The Parties having previously agreed to terms of settlement between them and, as there are minor Plaintiffs benefiting from the settlement, upon consideration of the facts presented, the Court GRANTS judgment in favor of Plaintiffs and enters the following findings of fact and conclusions of law.

**I.     Findings of Fact**

The following facts are not in dispute.  In February 2001, Saldivar contracted with Humana Insurance Company to provide an employer group benefit plan ("Plan") to their

employees. Jasso Insurance Agency, Ltd. was Saldivar's agent of record. Plaintiff Victor Castillo's daughter, Roxanne Castillo, became an employee of Saldivar in 2006. Roxanne Castillo subsequently enrolled in the Plan. For the Plan year beginning January 1, 2008, Roxanne Castillo had a term life insurance benefit of $60,000 ("Life Policy").

On June 16, 2008, Roxanne Castillo began an employer-approved medical leave. She was subsequently diagnosed with terminal cancer. Thereafter, her insurance was cancelled by her employer. On October 17, 2008, Roxanne Castillo submitted an Individual Enrollment Form to reinstate her medical and life insurance coverage under the Plan. In the Individual Enrollment Form, Roxanne Castillo designated Plaintiff Victor Castillo as the sole beneficiary of her life insurance benefit. Roxanne Castillo died on October 29, 2008.

Plaintiff Victor Castillo is the father of Roxanne Castillo and sues for the Life Policy benefits. Roxanne Castillo's four children, Amber Denae Rodriguez, Joshua Tyler Rodriguez, Rien Jacob Rodriguez and Jon Carlo Rodriguez (collectively, "Minor Children" or individually, "Minor Child"), are also Plaintiffs herein making claims to benefits under the Policy.

Plaintiffs commenced this action, as removed to this Court, on August 4, 2010. The claims against the respective defendants are based upon facts which, other than those set forth above, are disputed.

The Parties have entered into a Mutual Settlement Release and Indemnity Agreement ("Agreement"). Under the Agreement, the Defendants agree to tender the following sums to Plaintiffs in settlement: Humana Defendants, $30,000; Saldivar, $25,000; and Jasso, $10,000, for a total of $65,000 ("Settlement Fund"). Pursuant to the terms of the Agreement, Plaintiff Victor Castillo proposes to tender $30,000 of the Settlement Fund into the Registry of the Court for the benefit of the Minor Children to be divided equally as follows: Amber Denae Rodriguez (Age

14), $7,500.00, Joshua Tyler Rodriguez (Age 11), $7,500.00., Rien Jacob Rodriguez (Age 7), $7,500.00, and Jon Carlo Rodriguez (Age 5), $7,500.00.  The remaining amount of the settlement proceeds, $35,000, will be paid to Victor Castillo, Dalia Castillo and the Plaintiffs' Attorney, Stephen J. Chapman, from which all attorney's fees and expenses of litigation will be paid.

## II.    Conclusions of Law

When the parties reach a settlement in a case, and minor plaintiffs stand to benefit from the settlement, the court shall take evidence and consider the propriety of the settlement for the benefit of the minor children.  The Court may appoint a guardian ad litem to make recommendations to the Court on the fitness of the settlement to meet the interest of the minor children.  *Gaddis v. United States*, 381 F.3d 444, 456 (5th Cir. 2004) (explaining that a guardian *ad litem* serves as a liaison to the court and provides insight as to how the judicial process is comporting with the best interest of the minor child); FED. R. CIV. P. 17(c) (authorizing the district court to appoint a guardian *ad litem*).

## III.   Application

After considering the evidence presented at trial as well as the arguments of counsel, the Court finds that Victor Castillo, the designated beneficiary under the Life Policy, is entitled to the benefit of the settlement funds paid for claims arising out of the Life Policy.  The Court further finds that, based on the stated desire of Victor Castillo that the proceeds of any settlement based on the Life Policy go to benefit the Minor Children of Roxanne Castillo, deceased, the settlement tendered for the use and benefit of the Minor Children is fair and just and should be approved.

## IV.    Conclusion

For the reasons stated above, Plaintiffs shall recover from the Defendants from the Settlement Funds tendered by them as follows:

1. Victor Castillo and Dalia Castillo, Individually       $35,000.00
   And the Chapman Law Firm

2. U.S. District Court, Southern District
   of Texas, for the use and Benefit of
   Amber Denae Rodriguez, a Minor                          $7,500.00

3. U.S. District Court, Southern District
   of Texas, for the use and Benefit of
   Joshua Tyler Rodriguez, a Minor                         $7,500.00

4. U.S. District Court, Southern District
   of Texas, for the use and Benefit of
   Rien Jacob Rodriguez, a Minor                           $7,500.00

5. U.S. District Court, Southern District
   of Texas, for the use and Benefit of
   Jon Carlo Rodriguez, a Minor                            $7,500.00

All of the above amounts designated to be paid to the Minor Children are hereby ORDERED to be paid into the Registry of the Court in separate accounts for the use and benefit of the Minor Children, free and clear of all attorney's fees and expenses. Further, with regard to the amounts paid for the benefit of the Minor Children into the Registry of the Court, within five (5) days after receipt of said funds, the District Clerk is ORDERED to deposit said funds in a separate account for each of the Minor Children, said account to bear the highest available rate of interest on the date of deposit. The funds deposited in the name of each Minor Child shall remain on deposit until (1) further order of this Court before the Minor Child attains the age of eighteen (18) years; or (2) without further order of this Court, the amount on deposit in the Minor Child's account may be distributed after the minor attains the age of eighteen (18) years.

IT IS FURTHER ORDERED by the Court that Roland L. Leon, Guardian Ad Litem for the Minor Children, is authorized to execute a valid and binding Mutual Settlement, Release And

Indemnity Agreement to the Saldivar, Jasso and Humana Defendants and their respective agents, servants, employees, subsidiaries, parent corporations and any of their associates and subsidiaries, for all claims of the Minor Children arising out of the occurrence made the basis of this lawsuit.

IT IS FURTHER ORDERED by the Court that Roland L. Leon, Guardian Ad Litem for the Minor Children, is hereby allowed a fee of $2,320.00, and that said Guardian Ad Litem fee shall be paid equally by the Defendants herein.

Upon the tendering of the above stated sums of settlement to Plaintiffs herein, IT IS ORDERED that Saldivar, Jasso and the Humana Defendants shall be discharged from all liability to Plaintiffs by reason of the incident described in the pleadings filed herein and that every right, claim, demand, or cause of action of whatsoever nature which any of the Plaintiffs have asserted or which any of the Plaintiffs might assert against Saldivar, Jasso and the Humana Defendants, including court costs, is ORDERED dismissed with prejudice.  Further, Saldivar's cross-claim asserted against the Humana Defendants and Jasso is dismissed with prejudice.  Accordingly, no execution shall issue in favor of Plaintiffs against Saldivar, Jasso and the Humana Defendants in this matter.

IT IS FURTHER ORDERED by the Court that any and all relief pled by Plaintiffs, Saldivar, Jasso and the Humana Defendants against any other party in this cause not specifically granted herein is DENIED.  Final judgment shall issue accordingly.

SIGNED and ORDERED this 7th day of October, 2011.

_____
Janis Graham Jack
Senior United States District Judge